UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER MCCALL AND JULIE MCCALL** | : : : : | Docket No. |
| Versus | : : | Judge |
| **SAFECO INSURANCE COMPANY OF OREGON** | : : : : | Magistrate Judge |

**COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES**

NOW COME CHRISTOPHER MCCALL AND JULIE MCCALL, Plaintiffs, who, through undersigned counsel, respectfully represent that:

**PARTIES**

1. Made Plaintiffs herein are CHRISTOPHER MCCALL AND JULIE MCCALL, (hereinafter sometimes referred to as "Plaintiffs"), persons of the full age of majority and residents of the State of Louisiana.

2. Made Defendant herein is SAFECO INSURANCE COMPANY OF OREGON, (hereinafter sometimes referred to as "Defendant"), incorporated under the laws of Oregon, with a principal place of business at One Liberty Centre, Portland OR 97232. Defendant is authorized to do business and issue policies in the state of Louisiana. Defendant may be served with process through the Louisiana Secretgary of State, 8585 Archives Avenue, Baton Rouge, LA 70809.

1

## JURISDICTION AND VENUE

3. This action is filed pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, and Federal Rule of Civil Procedure 57.

4. Jurisdiction of this Court over this action is invoked pursuant to 28 U.S.C. § 2201 as well as 28 U.S.C. §1332(a)(1), as there is complete diversity of citizenship between Plaintiffs and Defendant.

5. The matter in controversy exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand Dollars ($75,000). The amount in controversy in a declaratory judgment action is determined by the object of the litigation. The object of this declaratory judgment will determine whether Plaintiffs' losses are covered under Defendant's policy.

6. Venue is proper in this Judicial District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this judicial district, and/or a substantial part of property that is the subject of the action is situated here.

7. This Court has personal jurisdiction over Defendant because Defendant has continuous and systematic business activities in Louisiana and this judicial district. Upon information and belief, Defendant's business activities include, among other things, executing contracts of insurance with various Louisiana based entities and consumers.

8. This Court has subject matter jurisdiction because an actual case or controversy exists between the parties, as is evidenced by the facts and circumstances described herein. Plaintiffs are, therefore, entitled to bring this action in this Court.

## FACTUAL BACKGROUND

9. Plaintiffs contracted with Defendant to insure the property located at 2 River Lane, Lake Charles, LA  70605-7732  (hereinafter collectively referred to as "insured premise").

10. The insured premise is the location of Plaintiffs' personal residence.

11. The insured premise is covered under a policy issued by Defendant with policy number believed to be No. OF2509783 (hereinafter referred to as "the policy"). The policy was in full effect during the period of March 17, 2020 through March 17, 2021. Defendant assessed the risk and provided Replacement Cost Value coverage following their evaluation of the property.

12. Plaintiffs paid all premiums associated with the policy when due in a timely manner and without delay.

13. Plaintiffs entered into the contract of insurance with the reasonable expectation that in return for the payment of the premium, Defendant would abide by the terms of their policy and pay for any covered losses that may occur.

14. On August 27, 2020, while the policy was in full force and effect, the insured premises sustained significant damages resulting from Hurricane Laura, a major category four hurricane, around 1:00 a.m. Hurricane Laura made a catastrophic landfall a mere 30 miles away from Lake Charles, which was battered with sustained winds of 150 mph.

15. Devastating winds, wind-driven rain, and a life-threatening storm surge lasted for several hours as the hurricane passed over Lake Charles.

16. Hurricane Laura resulted in extensive damage to Lake Charles, including shredding the power grid and thousands of structures.

17. As a result of Hurricane Laura, the Plaintiffs' property suffered extensive damage. The property sustained significant damage to its structure.

18. Plaintiffs provided timely and proper notice to Defendant of the claim.

19. In compliance with the policy, Plaintiffs began mitigating the loss as soon as possible.

20. Plaintiffs are entitled to recovery of all benefits due under the policy resulting from the hurricane damage to the insured premises, including, but not limited to, the structural loss, recoverable depreciation, additional living expenses and or loss of use expenses, and personal property.

21. Insurers have the duty to initiate loss adjustment of a property damage claim within fourteen (14) days after the notification of loss by a claimant, which may be extended by the Insurance Commissioner in the aftermath of catastrophic damage. La. Stat. Ann. §22:1892(A)(3).

22. The Louisiana Insurance Commissioner's Emergency Rule 45 extended the initiation of loss adjustment timeline under La. Stat. Ann. §22:1892(A)(3) to sixty days (60) days from claimant's notice.

23. Emergency Rule 45, however, duly noted that "Insurers must continue to provide timely service to their insured claimants by promptly acknowledging receipt of claims and making appropriate assignments for the adjustment of claims."

24. Emergency Rule 45 did not alter any other timeline under La. Stat. Ann. §22:1892 other than 14-day initiation of loss adjustment time delineated under La. Stat. Ann. §22:1892(A)(3) specifically.

25. Defendant was given full access to inspect the insured premises on September 7, 2020 and November 24, 2020. Defendant has had ample opportunity to view the extensive damage to the property.

26. Louisiana law provides claims handling timelines which are strictly construed.

27. Under La. Stat. Ann. §22:1892(A)(1), insurers must pay the amount of any claim due to any insured within thirty (30) days after receipt of satisfactory proof of loss from the insured or any party in interest. Under La. Stat. Ann. §22:1892(A)(4), all insurers must make a written offer

to settle any property damage claim, within thirty (30) days after receipt of satisfactory proof of loss of that claim.

28. The arbitrary, capricious, or without probable cause failure to comply with La. Stat. Ann. §22:1892(A)(1) and §22:1892(A)(4) subjects the insurer to a penalty, in addition to the amount of loss, of fifty percent on the amount found to be due from the insurer to the insured or $1,000, whichever is greater. If partial payment of tender is made, the penalty is fifty percent of the difference between the amount paid or tendered and the amount due. These penalties are in addition to reasonable attorney fees and costs. La. Stat. Ann. §22:1892(B)(1).

29. Under La. Stat. Ann. §22:1973(A), insurers have an affirmative duty to adjust claims fairly and promptly and to make reasonable efforts to settle claims with the insured. Failing to pay the amount of any claim due to any person insured by the contract within sixty (60) days after satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without, probable cause is a breach of the insurer's affirmative duty. La. Stat. Ann. §22:1973(B)(5).

30. In addition to any general or specific damages to which the insured is entitled to, a breach of the 60-day timeline subjects the insurer to penalties in an amount not to exceed two (2) times the damages sustained or $5,000, whichever is greater. La. Stat. Ann. §22:1973(C).

31. An insurer has satisfactory proof of loss once it has sent an adjuster to inspect the property, even if the adjuster provides an incomplete report, because the insurance company had the opportunity to discover the extent of the damages. *J.R.A. Inc. v. Essex Ins. Co.*, 2010-0797 (La. App. 4 Cir. 5/27/11), 72 So. 3d 862; *see also Aghighi v. Louisiana Citizens Prop. Ins. Corp.*, 2012-1096 (La. App. 4 Cir. 6/19/13), 119 So. 3d 930.

32. The statutory timeline starts from the initial inspection and not from any final report by the insurer. *Aghighi v. Louisiana Citizens Prop. Ins. Corp.*, 2012-1096 (La. App. 4 Cir. 6/19/13), 119 So. 3d 930.

33. In compliance with their duties, Plaintiffs have cooperated with Defendant and their consultants, making the property fully and completely available for the viewing of the physical loss evidence.

34. Defendant and their consultants knew or should have known that undisputed amounts of a claim must be disbursed and cannot be delayed because other portions of the claim have not been decided. *Aghighi v. Louisiana Citizens Prop. Ins. Corp.*, 2012-1096 (La. App. 4 Cir. 6/19/13), 119 So. 3d 930.

35. Plaintiffs have had to retain undersigned counsel to handle communications with Defendant in an attempt to bring this claim to a conclusion.

36. In addition to the proof of loss evidenced on inspection and other information provided, formal and sufficient proof of loss packages with all the evidence of the loss were provided to Defendant on November 9, 2020.

37. The proof of loss submissions provided satisfactory proof of loss in so far as it contained all the Plaintiffs' investigation of the claim and sufficient information providing the extent of the loss to allow the Defendant to make a determination on the loss, particularly the building coverage.

38. Defendant has failed to timely and reasonably adjust the loss and respond to the formal proof.

39. Despite Defendant's failure to timely pay the evidenced loss, Plaintiffs have continued to work with Defendant and their consultants to ensure compliance with their duties under the policy. This cooperation in no way waives Defendant's duties under the law.

40. On October 9, 2020, Hurricane Delta made landfall mere miles from Hurricane Laura, ravaging Plaintiff's property.

41. Plaintiffs properly provided Defendant notice of their Hurricane Delta loss or damage.

42. Plaintiffs submitted to Defendant a proof of loss package evidencing the property loss associated with Hurricane Delta.

43. Similar to their conduct on the Hurricane Laura claim, Defendant has failed to properly investigate and promptly tender payment due on the Hurricane Delta loss.

## CAUSES OF ACTION

44. Each section below containing a cause of action fully incorporates all facts and allegations set forth in each section previously set forth herein.

## DECLARATORY JUDGMENT: TIMELINE VIOLATION OF LA. STAT. ANN. §22:1892 AND §22:1973

45. Plaintiffs are seeking a Declaratory Judgment confirming that Defendant has an obligation to comply with the 30-day and 60-day statutory timelines under La. Stat. Ann. §22:1892 and §22:1973, in so far that the insurer must tender undisputed payments on a claim within the statutory time after receiving satisfactory proof of loss.

46. Plaintiffs are seeking Declaratory Judgment confirming that Defendant's thirty- and sixty-day timelines under La. Stat. Ann. §22:1892 and §22:1973 began to run upon the inspection of the property and/or receipt of the satisfactory proof of loss submission.

## BREACH OF CONTRACT

47. Defendant breached the terms of the policy when they unjustifiably failed and/or refused to perform its obligations in accordance with its policy and Louisiana law by failing to pay for all benefits due to the Plaintiffs.

48. This breach of the insurance contract was and is the direct and proximate cause of damage to the Plaintiffs for the repair of Plaintiffs' insured property with like kind and quality material as existed at the time the hurricane occurred.

49. By virtue of the breach of contract, Defendant is liable to and owe Plaintiffs for the actual damages sustained as foreseeable and a direct result of the breach and all other damages the Plaintiffs may prove as allowed by the law.

## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

50. Defendant received satisfactory proof of the loss indicating the insurance benefits due to the Plaintiffs, but failed to timely investigate and settle the loss. Failure to make such payment within thirty days was arbitrary, capricious, and without probable cause, subjecting Defendant to a penalty, in addition to the amount of the loss, of 50% of damages on the amount found to be due from the insurer to the insured, as well as reasonable attorney's fees and costs pursuant to La. Stat. Ann. §22:1892.

51. In addition, Defendant owed Plaintiffs an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle such claims but breached that affirmative duty by failing to pay the amount due on this claim within sixty days of receiving satisfactory proof of loss by acting in an arbitrary, capricious, and without probable cause manner, subjecting Defendant to a penalty of two times the amount of damages sustained, or $5,000, whichever is greater, pursuant to La. Stat. Ann. §22:1973.

## DAMAGES

52. As a result of the actions of the Defendant, Plaintiffs have suffered the following nonexclusive list of damages past, present, and future in amounts reasonable in the premises:

    a. Repair and remediation expenses;

    b. Additional living expenses and or loss of use expenses;

    c. Loss of personal property;

    d. Inability to make appropriate repairs due to inadequate insurance payments;

    e. Diminution in value of property;

    f. Actual damages related to the increased cost of repairs;

    g. Mental anguish;

    h. Attorney's fees and penalties; and

    i. Costs of this litigation and any pre-litigation costs related to the insurer's failure to make adequate insurance payments.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs herein, CHRISTOPHER MCCALL AND JULIE MCCALL, pray that this complaint be filed into the record, that Defendant, SAFECO INSURANCE COMPANY OF OREGON, be cited to appear and answer same, and after due proceedings are had, there be Judgment rendered in favor of Plaintiffs, CHRISTOPHER MCCALL AND JULIE MCCALL, and against Defendant, SAFECO INSURANCE COMPANY OF OREGON, for all damages as are reasonable in the premises, for all costs incurred in this matter, along with legal interest from the date of judicial demand until paid, all statutory penalties and attorney's fees, and all general and equitable relief available. Further, Plaintiffs, CHRISTOPHER MCCALL AND JULIE MCCALL, pray that there be a judgment rendered in favor of Plaintiffs and against Defendant, SAFECO INSURANCE COMPANY OF OREGON, declaring that in their transaction of insurance SAFECO INSURANCE COMPANY OF OREGON has an obligation to comply with the statutory timelines under La. Stat. Ann. §22:1892 and §22:1973, which began to run upon the

inspection of the property on September 7, 2020 and November 24, 2020 and/or receipt of November 9, 2020 satisfactory proof of loss submissions and breached said obligation.

        Respectfully Submitted,

        *s/Wells T. Watson*

        _____
        WELLS T. WATSON, T.A., #20406
        wwatson@baggettmccall.com
        JEFFREY T. GAUGHAN, #22384
        jgaughan@baggettmccall.com
        ZITA M. ANDRUS, #31794
        zandrus@baggettmccall.com
        MELISSA SHAW-BROWN, #33367
        mshawbrown@baggettmccall.com
        JAKE D. BUFORD, #34258
        jbuford@baggettmccall.com
        MEAGAN N. JOHNSON, #38791
        mjohnson@baggettmccall.com
        BAGGETT, McCALL, BURGESS,
        WATSON, GAUGHAN & ANDRUS, LLC
        3006 Country Club Road
        Post Office Drawer 7820
        Lake Charles, LA 70605
        (337) 478-8888
        (337) 479-1658 Facsimile

        And

        JOSEPH W. RAUSCH, BAR NO. 11394
        jrausch@gmhatlaw.com
        GAUTHIER MURPHY & HOUGHTALING LLC
        3500 N. Hullen Street
        Metairie, Louisiana, 70002
        Telephone:    (504) 456-8600
        Facsimile:    (504) 456-8624

        Attorneys for Plaintiffs

Please serve this Complaint for Damages and Declaratory Judgment:

SAFECO INSURANCE COMPANY OF OREGON
Through its Agent of Process:
Louisiana Secretary of State
8585 Archives Avenue
Lake Charles, LA  70809